914 F.2d 257
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul LONGTON, Personal Representative of the Estate of Larry
George, Deceased, Plaintiff-Appellant,
v.
Charles M. BURGART; Shelar, Inc., Beckwith Leasing Company,
Erving M. Darbyson, Donald K. Harrower, Don
Harrower Leasing, Defendants-Appellees.
 No. 89-1874.
 United States Court of Appeals, Sixth Circuit.
 Sept. 18, 1990.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges; and JARVIS, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, Paul Longton, as personal representative of the estate of Larry George, brought this wrongful death action in state court in Michigan against multiple defendants. It was removed to the United States District Court for the Eastern District of Michigan on the basis of diversity of citizenship. The matter proceeded to trial against defendants Erving M. Darbyson, Donald K. Harrower, and Don Harrower Leasing. Through responses to a special verdict form, the jury found that, although the defendants were negligent, that negligence was not a proximate cause of the death of plaintiff's decedent. Plaintiff's motion for judgment n.o.v. or a new trial was denied. Plaintiff now appeals from the jury verdict and the order denying his motion for judgment n.o.v. or a new trial. For the reasons that follow, we affirm.
 
 I.
 
 2
 On February 28, 1985, at approximately 11:00 p.m., defendant Erving Darbyson parked the tractor-trailer rig he was driving on the shoulder of southbound I-75 at a location between Detroit and Toledo. Defendant Donald K. Harrower and Donald K. Harrower Leasing were the owners of the rig. Darbyson intended only a brief stop to read a map. He placed no flares, cones, or other warning devices behind the rig. The evidence was conflicting with regard to whether his emergency four-way flashers were turned on. He had been parked less than five minutes when the rig was struck from the rear by a van driven by Charles Burgart and in which plaintiff's decedent, Larry George, was a passenger. Mr. George was killed instantly.
 
 
 3
 There was proof at trial that Mr. Burgart had been drinking and was impaired at the time of the accident. He was also extremely fatigued. Eyewitnesses testified that prior to the accident the van drifted off the road onto the shoulder, then corrected and went back into the right lane of traffic, then drifted onto the shoulder again, this time hitting the back of the tractor-trailer rig. An investigation of the accident showed no skid marks or other evidence indicating any maneuver by the van's driver to avoid the collision.
 
 II.
 
 4
 The sole issue on appeal is, given the jury's finding of negligence on the part of defendants, must there also have been proximate cause as a matter of law.
 
 
 5
 Proximate cause, or the lack of it, is normally a question of fact to be decided by the jury. Richards v. Pierce, 162 Mich.App. 308, 412 N.W.2d 725 (1987). Unless it can be said that as a matter of law the jury's finding of negligence necessitated a finding of proximate cause, the issue of proximate cause should have been left to the jury.
 
 
 6
 The Michigan Supreme Court has defined "proximate cause" as "that which in a natural and continuous sequence, unbroken by any new, independent cause, produces the injury, without which such injury would not have occurred ..." McMillan v. Vliet, 422 Mich. 570, 374 N.W.2d 679 (1985), (quoting Weissert v. City of Escanaba, 298 Mich. 443, 452, 299 N.W. 139 (1941)). The supreme court also noted that this definition makes reference to the concept of intervening causality. An "intervening cause" is "one which actively operates in producing harm to another after the actor's negligent act or omission has been committed." McMillan, 374 N.W.2d at 682. An intervening cause breaks the chain of causation and constitutes a superseding cause which relieves the original actor of liability, unless it is found that the intervening act was "reasonably foreseeable." Id.
 
 III.
 
 7
 In this case, plaintiff proceeded at trial on theories that defendants were negligent in:
 
 
 8
 (1) Failing to utilize the rig's emergency four-way flashers;
 
 
 9
 (2) Failing to place reflective triangles or flares behind the parked rig;
 
 
 10
 (3) Stopping on the shoulder of the interstate in the first place; and
 
 
 11
 (4) Parking approximately three feet off the road as opposed to farther.
 
 
 12
 The plaintiff contends that defendants violated portions of the Federal Motor Carrier Safety Regulations dealing with the utilization of vehicular hazard warning signal flashers and the placement of other warning devices, 49 C.F.R. Sec. 392.22 (1990). Under Michigan law, a violation of a duty imposed by an administrative rule or regulation is evidence of negligence, but not negligence per se. Douglas v. Edgewater Park Company, 369 Mich. 320, 119 N.W.2d 567 (1963). Thus, any failure of Darbyson to utilize his emergency four-way flashers or place other warning devices behind the rig was evidence of negligence, but not negligence per se. In addition, the plaintiff does not dispute the district court's charge to the jury that there is no law which prevents a motorist from pulling off onto the shoulder of an interstate highway to perform such activities as looking at a map. Because there was no negligence per se and because of the nature of the verdict form, it is impossible to discern under which one(s) of plaintiff's theories the jury found negligence on the part of the defendants.
 
 
 13
 There was ample proof at trial from which the jury could reasonably have concluded that the defendants were negligent, but that such negligence was not a proximate cause of the accident. The van in which plaintiff's decedent was riding ran directly off the road and into the rear of the tractor-trailer rig. The jury may have reasonably concluded from that that the driver of the van fell asleep at the wheel and his negligence was the sole proximate cause of the accident.
 
 
 14
 If we assume the jury found that the truck driver also was negligent in not turning on his emergency four-way flashers and/or not putting out flares or other warning devices, it does not necessarily follow that such negligence was a proximate cause of the accident. The driver of the van testified that he saw the truck's lights approximately one second before impact. Plaintiff's expert testified that a "normal" reaction time at the speed Mr. Burgart was traveling was 1.5 seconds. Thus, if the jury credited Mr. Burgart's testimony that he saw the lights one second before impact, they could have also reasonably concluded that he "woke up" too late to prevent the collision. Under such a scenario, which can reasonably be supported by the evidence, defendants' negligence would clearly not have been a proximate cause of the accident. In addition, even if the jury found the defendants negligent under all four theories pursued by the plaintiff, the jury could have reasonably concluded that Mr. Burgart's negligence was a superseding cause which broke the chain of causation and relieved the defendants of liability. Reasonable minds could differ as to the conclusions regarding proximate cause to be drawn from the evidence in this case.
 
 
 15
 In reviewing the grant or denial of a judgment n.o.v., this circuit has long held that the state law standard controls in a diversity case. Toth v. Yoder Co., 749 F.2d 1190, 1194 (6th Cir.1984). That standard is described as follows:
 
 
 16
 In Michigan, the rule of law with respect to appellate reviews of judgments n.o.v. appears to be identical to the federal standard, which is referred to as the "reasonable minds" test. Under this standard, a judgment n.o.v. may not be granted unless reasonable minds could not differ as to the conclusions to be drawn from the evidence. [citation omitted]. The issue raised by a judgment n.o.v. is whether there is sufficient evidence to raise a question of fact for the jury. This determination is one of law to be made by the trial court in the first instance. In determining whether the evidence is sufficient, the trial court may not weigh the evidence, pass on the credibility of witnesses, or substitute its judgment for that of the jury. Rather, the evidence must be viewed in the light most favorable to the party against whom the motion is made, drawing from that evidence all reasonable inferences in his favor. [citation omitted]. If, after thus viewing the evidence, the trial court is of the opinion that it points so strongly in favor of the movant that reasonable minds could not come to a differing conclusion, then the motion should be granted. [Citation omitted]. An appellate court, when reviewing the trial court's decision, is bound by the same standard. [citation omitted].
 
 
 17
 Id. Since reasonable minds could differ as to the conclusions regarding proximate cause to be drawn from the evidence in this case, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable James Jarvis, Judge, United States District Court for the Eastern District of Tennessee, sitting by designation